UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSERVATION CONGRESS, a non-profit organization,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES FOREST SERVICE and UNITED STATES FISH AND WILDLIFE SERVICE,<br><br>Defendants. | No. 2:16-cv-00864-MCE-AC<br><br>**MEMORANDUM AND ORDER** |

Through this action, Plaintiff Conservation Congress ("Plaintiff") asserts twelve claims for relief against Defendants United States Forest Service ("USFS") and United States Fish and Wildlife Service ("FWS") (collectively, "Defendants") related to USFS's decision to proceed with the Lava Hazardous Fuels Reduction Project (the "Lava Project"). More specifically, Plaintiff alleges violations of the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 et seq., the National Forest Management Act ("NFMA"), 16 U.S.C. § 1601 et seq., the Administrative Procedures Act ("APA"), 5 U.S.C. § 701 et seq., and the Endangered Species Act ("ESA"), 16 U.S.C. § 1531 et seq. Compl., ECF No. 1. In relevant part, Plaintiff's Eighth, Ninth, and Twelfth Claims allege substantive violations of Section 7 of the ESA pursuant to its citizen suit provision. Those claims challenge USFS's decision to exclude the Gray Wolf from its Biological

1

Assessment analysis of the potential effects of the Lava Project on certain species. Presently before the Court is Plaintiff's Motion to Supplement the Administrative Record. Plaintiff seeks to add fourteen documents related to the "movement and presence of the Gray Wolf in California," all of which it contends support Claims Eight, Nine, and Twelve. For the reasons set forth below, Plaintiff's motion is GRANTED to the extent it seeks to submit evidence outside of the administrative record in support of its ESA citizen suit claims.[1]

**STANDARD AND ANALYSIS**

Judicial review of agency decisions, such as those brought under NEPA and NFMA, are governed by the APA, 5 U.S.C. § 701 et seq. See Neighbors of Cuddy Mountain v. Alexander, 303 F.3d 1059, 1065 (9th Cir. 2002). Pursuant to the APA, "an agency action may be overturned only where it is found to be 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" Id. citing 5 U.S.C. § 706(2)(A). Also under the APA, the scope of the Court's review is limited to the administrative record available to the agency at the time of the challenged decision, unless certain exceptions apply. See 5 U.S.C. § 706(2)(E). Judicial review of a final agency decision is therefore highly deferential given the arbitrary and capricious standard of review, and the limited scope of what the court reviews in making its determination adds an additional layer of deference.

This APA standard and scope of review apply equally to claims brought under the APA alleging inadequacies in the agency's administration of the ESA. Pl. Mot. at 5; see Bennett v. Spear, 520 U.S. 154, 173-79 (1997). However, "the APA applies only where there is 'no other adequate remedy in a court,' 5 U.S.C. § 704, and—because the ESA provides a citizen suit remedy—the APA does not apply in such actions." Western

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local R. 230(g).

Watersheds Project v. Kraayenbrink, 632 F.3d 472 (9th Cir. 2010) citing Wash. Toxics Coal. v. EPA, 413 F.3d 1024, 1034 (9th Cir. 2005). Defendant does not dispute that Plaintiff's Eighth, Ninth, and Twelfth Claims seek redress under the ESA's substantive citizen suit provision. Under Ninth Circuit law expressed in Washington Toxics Coalition and Kraayenbrink, then, there can be no question that the Court in this case "may consider evidence outside the administrative record for the limited purposes of reviewing Plaintiffs' ESA claim[s]." Kraayenbrink, 632 F. 3d at 497, citing Wash. Toxics Coal., 413 F.3d at 1030, 34.

Defendants argue that the "Ninth Circuit has consistently held that claims arising under the ESA are governed by the . . . APA" and that adherence to the APA ensures that the court affords sufficient deference to the agency's actions. Def. Opp. at 1, citing Karuk Tribe of Cal. v. U.S. Forest Serv., 681 F.3d 1006, 1017 (9th Cir. 2012) (en banc); San Luis & Delta-Mendota Water Auth. v. Jewell, 747 F.3d 581, 601-602 (9th Cir. 2014). Defendants further note that even Kraayenbrink applies the APA arbitrary and capricious standard of review to the ESA citizen suit claims therein. Def. Opp. at 5.

While the Court notes Defendants' contentions in this regard, nothing in Plaintiff's motion or in the Court's present Order (and more importantly, nothing in Kraayenbrink) attempts to dissolve the application of the APA's arbitrary and capricious standard of review to Plaintiff's citizen suit ESA claims. The scope of the Court's review in the context of claims brought under the ESA's substantive citizen suit provision, however, must not be limited by the APA's record review rule. Kraayenbrink, 632 F.3d at 497, citing Wash. Toxics Coal., 413 F.3d at 1030, 1034. Defendants' contention that "Kraayenbrink must be read to simply allow supplementation under the already recognized exceptions to the record review rule," Def. Opp. at 4, is unpersuasive. And because Defendants cite to no authority overruling the explicit language of Kraayenbrink in the context of a citizen suit ESA claim, that language is controlling here.

///

///

3

In sum, then, with regard to Plaintiff's ESA citizen suit claims, the Court is not required to limit its review to the administrative record and will therefore consider additional evidence the parties may submit in connection with those claims.

**CONCLUSION**

For the reasons set forth above, Plaintiff's motion (ECF No. 18) is GRANTED to the extent it seeks to submit evidence outside of the administrative record in support of its ESA citizen suit claims.[2] For the same reasons, Defendants' request that the Court consider an October 2016 update on known wolf activity in California from an FWS biologist is GRANTED, as is Plaintiff's counter-request that the Court allow it to respond to that document with its own expert declaration.

IT IS SO ORDERED.

Dated: September 28, 2017

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[2] Because of this ruling, the Court need not and does not make a determination concerning Plaintiff's arguments that (1) seven of the documents are subject to judicial notice, or (2) all documents fall within one of the established exceptions to the record review rule. The Court notes, however, that there appears to be no dispute between the parties as to the judicial noticeability of the seven documents, and that Defendant has conceded the addition of three others, meaning only four documents are actually in dispute.