# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSERVATION CONGRESS, a non-profit organization,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES FOREST SERVICE and UNITED STATES FISH AND WILDLIFE SERVICE,<br><br>Defendants. | No. 2:16-cv-00864-MCE-AC<br><br>**MEMORANDUM AND ORDER** |

Through this action, Plaintiff Conservation Congress ("Plaintiff") asserts twelve claims for relief against Defendants United States Forest Service ("USFS") and United States Fish and Wildlife Service ("FWS") (collectively, "Defendants") in connection with USFS's decision to proceed with the Lava Hazardous Fuels Reduction Project (the "Lava Project" or "Project"), located in the Modoc National Forest. More specifically, Plaintiff alleges violations of the National Environmental Policy Act, 42 U.S.C. § 4321 et seq., the National Forest Management Act, 16 U.S.C. § 1601 et seq., the Administrative Procedures Act, 5 U.S.C. § 701 et seq., and the Endangered Species Act, 16 U.S.C. § 1531 et seq. Compl., ECF No. 1. American Forest Resource Counsel ("AFRC"), Associated California Loggers ("ACL"), and Loggers Association of Northern California, Inc. ("LANC") (collectively, "Intervenors") now move to intervene as defendant-

intervenors under Federal Rule of Civil Procedure 24. ECF No. 27. Defendants and Plaintiff have each responded to the Motion to Intervene, and each has expressed no position with respect to the motion. ECF Nos. 39 and 41. For the reasons set forth below, the Motion to Intervene is GRANTED.[1]

## STANDARD

Pursuant to Fed. R. Civ. P. 24(a)(2) a party may intervene as a matter of right under Rule 24(a)(2) when:

    (1) the application is timely;

    (2) the party has a significant protectable interest relating to the property or transaction that is the subject of the action;

    (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and

    (4) the existing parties may not adequately represent the applicant's interest.

In evaluating whether these requirements are met, courts "are guided primarily by practical and equitable considerations." Further, courts generally "construe [the Rule] broadly in favor of proposed intervenors."

> A liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts. By allowing parties with a practical interest in the outcome of a particular case to intervene, we often prevent or simplify future litigation involving related issues; at the same time, we allow an additional interested party to express its views before the court.

United States v. City of Los Angeles, 288 F.3d 391, 397–98 (9th Cir.2002) (internal quotation marks and citations omitted).

Alternatively, under Rule 24(b)(2), a party may be given permission by the Court to intervene if that party shows "(1) independent grounds for jurisdiction; (2) the motion is

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local R. 230(g).

2

timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." Northwest Forest Resource Council v. Glickman, 82 F.3d 825, 839 (9th Cir. 1996).

**ANALYSIS**

At issue in this litigation is implementation of the Lava Project, a fuels reduction project located in the Modoc National Forest. Among its twelve causes of action against USFS and FWS, Plaintiff seeks to enjoin that implementation, and to set aside the decision to implement the Project, based on flaws in the administrative proceedings that approved it. The proposed Intervenors "are concerned about the economic, environmental, and safety benefits of the Project, which are threatened by this litigation." Mot., ECF No. 28, at 1. They claim to have an interest in "forest health, timber supply, and local employment that would benefit from" implementation of the Project. Id. The Court addresses each of the four 24(a)(2) factors below.

**A.  Timeliness of the Application**

To determine whether a motion is timely, the Court considers, (1) the stage of the proceeding; (2) any prejudice to the other parties; and (3) the reason for and length of any delay. County of Orange v. Air California, 799 F.2d 535, 537 (9th Cir. 1986). Plaintiff filed its Complaint on April 26, 2016, ECF No. 1, and the proposed Intervenors filed the present Motion to Intervene on April 6, 2017, ECF No. 27. Though nearly a year had passed before filing the present motion, the case progressed fairly slowly during that period, with only a motion to supplement the record being filed between the initiation of the suit and the present motion. Additionally, while Plaintiff has since filed its Motion for Summary Judgment (ECF No. 46), that Motion is not scheduled to be heard by the Court for another two months. Moreover, the Court finds the Intervenors' application is timely because intervention will not prejudice the existing parties or cause

///

delay. Indeed, the existing parties have each filed a statement taking no position with respect to the proposed intervention.

### B. Significant Protectable Interest

As indicated above, the Intervenors purport to have strong protectable interests in the Lava Project. AFRC—a "regional trade association whose purpose is to advocate for sustained yield timber harvests on public lands . . . to enhance forest health and resistance to fire, insects, and disease"—represents over 50 forest product businesses and landowners. Mot. at 2. As such, many of its members purchase timber from the Medoc National Forest to supply their mills. Because either implementation or cessation of the Project will have an effect on the timber supply available from Medoc, AFRC's members will necessarily be impacted. Consequently, they have an economic interest in the Project and in the outcome of this litigation. The existence of a protectable interest is further highlighted by AFRC's participation in the Lava Project planning process. See Mot. at 2.

Additionally, AFRC claims to have an interest in reducing fuels to improve forest health in Medoc. The Lava Project purports to thin out the overstocked forestland, which will make it less susceptible to insects and wildfires, while also providing timber to local mills, which mills are likely AFRC members.

ACL is "a nonprofit trade association with over 350 members comprised of loggers, log haulers, and logging road contractors, whose purpose is to advocate for small and family-owned companies and individuals who harvest and transport materials for California's forest products industry." Mot. at 4. ACL is a member of AFRC and its interests are aligned. ACL also has an interest in "ensuring job stability," which it claims the Project does by increasing the overall timber supply, thereby increasing the need for forest-products-related jobs.

Lastly, LANC is a nonprofit organization whose 90 "members include loggers, truckers, construction companies, and other businesses in the forest products industry . . . ." Mot. at 5. LANC is also a member of AFRC and its interests are aligned.

Its claimed interest in this litigation relates to "the Project's impacts on the availability of family-wage logging and trucking jobs to LANC's members. . . ." Mot. at 5. The Project purportedly will create jobs for LANC's members. Conversely, stopping it is likely to result in job loss for its members.

Each of these organizations' members thus has a clear interest in the pending litigation that may impact their timber supply and the creation or destruction of timber-related jobs, not to mention the jobs associated with implementation of the Project itself. For the reasons set forth above, the Court finds each of the proposed Intervenors has a significant protectable interest in the Project. Additionally, the Court agrees with the Intervenors that they have "demonstrated that the defense of the Project is germane to the associations' purposes and that individual members are not necessary to participate in this case. Accordingly, [they] have satisfied the requirements for associational standing to represent its members." Mot. at 11-12.

### C. Disposition May Impair or Impede Ability to Protect Interest

"If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." Sw. Ctr. for Biological Diversity v. Berg, 268 F.3d 810, 822 (9th Cir. 2001) (quoting Fed. R. Civ. P. 24 advisory committee's notes). Plaintiff's purpose in initiating this lawsuit is to enjoin implementation of the Project. Given the Intervenors' respective interests in the Project—as described above—the disposition of this case in Plaintiff's favor will necessarily impair or impede their ability to protect those interests. As such, this factor has been satisfied.

### D. No Existing Adequate Representation

Neither existing party disputes Intervenors' claim that the federal Defendants do not adequately represent the Intervenors' interests in this litigation. Although the government and the Intervenors fall on the same side of the dispute, the government has a much broader interest in the implementation of the project than the "on the ground" interests of the Intervenors. As Intervenors describe, "[u]nlike the Forest

Service and FWS, Proposed Intervenors' members are motivated by an economic interest in the Project and interest in the health of the Modoc National Forest to ensure a sustainable supply of federal timber." Mot. at 13. The Court therefore finds this factor has also been met, and intervention of right is appropriate.

### E. Permissive Intervention

As described above, the Court may alternatively grant permissive intervention under Rule 24(b)(2) if (1) the motion is timely; (2) there are grounds for jurisdiction; and (3) the proposed intervenor's claim or defense, and the main action, have a question of law or a question of fact in common. Northwest Forest Resource Council v. Glickman, 82 F.3d 825, 839 (9th Cir. 1996). In the instant case, were the Court to find the Rule 24(a)(2) factors were not met, it would nevertheless grant permissive intervention under Rule 24(b)(2). The motion is timely, and there is no dispute as to the Court's jurisdiction. As for the third factor, the Intervenors seek to assert defenses against Plaintiff's requested injunction, which lies at the heart of this matter. Common questions of both law and fact are likely present, and consequently permissive intervention is appropriate.

## CONCLUSION

For the reasons set forth above, proposed Intervenor's Motion to Intervene, ECF No. 27, is GRANTED.

IT IS SO ORDERED.

Dated: January 22, 2018

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE